We are now going to move to the final case of the morning. This is Appeal No. 21-3371, Troogstad v. City of Chicago. And Council is switching tables here. And now we are going to have argument in this case, and Mr. Lubin, we're going to begin with you. You have reserved three minutes of rebuttal in this case. Thank you very much. May it please the Court and Council, thank you very much for your patience today. Even I don't want to listen to myself talk this long. So now we get to talk about substantive due process, which everyone's been alluding to up until now, but obviously it's an important thing. And one of the things that the Court in Halgren, the District Court in Halgren, I think did a beautiful job of analyzing not only the differences between the issue in Jacobson and the issue today with COVID-19, but also the importance of the Court in weighing the facts, even when it comes to the rational basis challenge. I've used a lot of that Court's research in my own, I'm happy to admit it, but one of the things that I think was referred to in the previous argument was the fact that, according to my opponents, Jacobson hasn't been changed at all, it hasn't been modified at all. And that clearly is not true, it clearly is not true in as much as the application of Jacobson always starts with, we didn't have the same standards back then, so it appears as though Jacobson was applying a rational basis standard, and that's almost always how Jacobson is introduced. So clearly the law has changed since Jacobson. The question is, are we applying Jacobson the same way or not? And if you look at Casey, in Casey there is a recognition of the fact that the choice to terminate a pregnancy may be the choice to end a life, as opposed to Roe, where I think the Court tried not to answer that question, in Casey they do, they say it may be the case that the choice to terminate a pregnancy is the choice to end a life. And nonetheless, there is a privacy interest that supersedes the right to life of that unborn child. It doesn't go into the question of personhood or anything like that, none of that complicated stuff, but it does say that there is an interest that is to be weighed here, and the interest mitigates in favor of privacy. And that's different from Jacobson, it's very different from Jacobson. And I would suggest to the Court that, what has been said as well, Casey cites Jacobson, so how is it possible that Casey cites Jacobson, and at the same time doesn't follow Jacobson? Well, it cites Jacobson after CF, now they do a confusing thing, they make this statement, our cases since Roe accord with Roe's view that a state's interest in the protection of life falls short of justifying any plenary override of individual liberty claims. And I would submit that sentence is radically different from Jacobson, from the entire ruling of Jacobson. And then it cites Cruzan, and then it says CF, for example, Riggins, Washington, and then it says, here's the confusing part, see also Rochin, I hope I'm saying that correctly, and Jacobson. That indicates that they're very... Mr. Lubin, do you agree that if we do apply rational basis that you lose? I don't. I don't. How? Rational basis is, I think you would agree, is a pretty low bar, and you have to show a lack of any reasonable justification. I think you would agree that the city has an interest in protecting the public health of its citizens and employees, would you agree with that? I agree the city has an interest in protecting the health of its... I would agree with your phrasing, Judge. I'm sorry? I would agree with your phrasing, Judge. As I heard myself repeating what Your Honor said, I realized I may be saying it differently and I didn't want to make it sound as if I was trying to change the phrasing to make it better suit my argument. I agree with Your Honor's phrasing. So in light of that, and given the CDC's recommendations, all of the studies that are out there about the benefits of the vaccine, how do they not meet the rational basis test? Judge, there are a number of things that the studies don't show. To be clear, the studies don't show a statistical correlation between the number of people who are vaccinated in any given locality and... But rational basis review, does it require that kind of deep dive? We're not looking and determining which one is completely accurate, it's a rational basis. And you'd have to show that these policies lack any rational justification. I don't know how you could possibly meet, how you could possibly meet that in light of all the scientific evidence that's out there. Judge, as the, as the district court in Halgren noted, the court does not abdicate its responsibility to weigh the evidence even under the rational basis test. The rational basis test is a very deferential test, it's absolutely true. And I would suggest to someone out there listening, I realize that this court can't do this, but that some tests in between the rational basis test and strict scrutiny test perhaps should be created for questions like this, which bear upon matters that are very, very close to a person's privacy interests. I realize this court can't do that. And yet maybe, maybe there should be, but that's not, we don't have the power to do that. Mr. Lubin, can I get the benefit of your help on another of your claims? I know you want to spend your time on substantive due process and you can return to that. Sure. But I'm, I'm stuck on free exercise here again. Go ahead, Judge. Okay. In footnote two of your brief in this case, your blue brief in this case. Does that mean opening or reply? Opening. The one with the blue cover. I got, my printer's black and white. All right, look at it. Look at page six. Look at footnote two. In footnote two, you say the plaintiffs are not proceeding on their free exercise claims, meaning on appeal. Correct. When I fast forward to page 29, you have multiple paragraphs devoted to your free exercise claims. So my question is, does this appeal entail a free exercise argument by you or not? Judge, as I, my brief went through many drafts, perhaps that footnote should have been, should have been excised. Okay. As you're talking to us right now, do you think you're advancing a free exercise argument in this case or not? The problem with... On appeal, not in the complaint. On appeal. Correct. The problem with, to be completely candid with the court, the city has gone through its process of approving and not approving the request for accommodation very slowly and on a rolling basis. And a lot of it's happened after the notice of appeal was filed and clearly is not part of this record. So the record that I would like to have in order to proceed on those claims, I don't have. And that's, you know, that's where footnote two comes from. I think there's enough there for, you know, potentially a facial challenge given the strange list of, have you ever had this in this, you know, medicine? And if you have, then you don't qualify for an accommodation because of our understanding of your religion. But I recognize that it's not my better, it's not my best argument and particularly because of the lack of... Okay. All right. Look, is that, let me just get, let's get right to it. Are you making the argument on appeal or aren't you? In the re, I'm, it's a serious question. I'm not being pedantic or something with you. Okay. The reason is because this section three of this paperwork is a serious issue, but we don't know much about it.  It has to do with the fact that they rejected request for accommodation. But are you making the argument on appeal or aren't you? Well, judge, I mean, I, I, there's a whole section of my brief on it, so yeah, I am making the argument. Okay. All right. Okay. All right. I got it. I know what the record is. Go back to substantive due process if you want. I had originally given myself three minutes, so if it's okay, I'll, I'll reserve the rest of my time. That's fine. The rest of your time will be reserved for rebuttal. We're not going to move to oral argument on behalf of the appellee. We're going to begin with Mr. Warner. Thank you, your honor. May it please the court. My name is Michael Warner on behalf of the city of Chicago. Your honor, Judge Scudder, in light of your raising a serious question about the city's form, I would like to address. Yeah. Can you talk about section three? What's going on? Yes. I'm not asking you to go beyond the record. Correct. These are serious issues. They're hard issues. Just speak in terms of what the record here tells us, if anything, about the way the city is using or not using section three. Yes. I'd be happy to. So to step back in terms of the city's policy and why it has a religious exemption and a medical exemption, you know, first, as the first amendment free exercise clause, constitutionally, the city does not have to provide an exemption. But the city is subject to Title VII of the Civil Rights Act and the ADA. So they provide for religious exemptions. Under well-established Title VII case law, only sincere religious beliefs are entitled to a reasonable accommodation. And the city's process, and there is no evidence in the record, and I know Mr. Lubin has conceded that, there is absolutely no evidence in the record as to how this process is actually being applied and how these forms are being used and interpreted. But under well-settled Title VII case law, a employer can and must judge the sincerity of the religious beliefs. And the city's process is designed to elicit the factual information necessary to determine whether the professed belief of the employee is based upon a sincere religious belief or is it based upon something they read on Facebook. And to that end, when it comes to issues such as objections to the use of vaccine because they've read that fetal cell lines were used in the testing of the vaccine, the city does inquire through its process whether is this something they read on the internet that they believe is a concern or whether this is something that is consistent with an established belief system that the person holds, i.e., do they act consistent with that belief in other contexts. For instance, if they know and learn that there are other medications that were developed using the exact same process, do they refrain from taking those medications? Again, the process is designed to determine the sincerity of the belief, which is under any First Amendment analysis. Title VII analysis is perfectly lawful. The cover page of the form, the cover page of the request form, seems to afford the city some latitude because it uses the words, you know, if you fail to explain, if you fail to complete the form, it may impact, may, not will, shall, must, you know, any. And so I'm not, I don't want to go beyond the record here. We don't know anything about how the city exercises discretion or doesn't within the It's not in the record before us. Correct, correct. And in essence, you know, based upon what's in the record and just the reading of the form itself, and I can, not to go beyond the record, but in terms of the intent, it is to advise the employee to give as much information as possible in that form if they want, in terms of what their belief system is, if they want to get the religious exemption. It's urging to be complete and thorough in their description of their professed beliefs. And stepping back a second in terms of the argument made by Mr. Lubin in his brief regarding the exercise of discretion in the granting or denying of exemptions, he relies on Fulton versus the city of Philadelphia. This is, that really is the polar opposite of this case. In the city of Philadelphia, the city retained for itself full discretion to decide to grant an exemption from the non-discrimination provisions, the foster care regulations, for any reason. And then the record in that case said, okay, you have full discretion to deny, to make an exemption for any reason, but then they don't do it for a religious based reason. In this case, the only discretion that the city has retained for itself is to grant religious based exemptions. And again, there's no, now, granted, if what the city was doing was favoring, in granting or denying exemptions, favoring one religious belief over another, that could raise an applied concern, but there is, again, nothing in the record of that. And what Mr., what you asked for regarding, about concerning section three of the form and what Mr. Rubin discusses in the brief regarding the form is not judging between religious beliefs or competing beliefs, it is an inquiry into the sincerity of the belief that the individual is professing entitled some to the exemption. So, briefly addressing the substitute, substitute due process arguments, as far as Mr. Rubin's discussion of how case law over the last hundred and so years has impacted the applicability of Jacobson. This court has already answered that question in class, and Mr. Rubin has not identified any reason to depart from this court's prior holding in class. Requiring a vaccination as a condition for a public education is no different, substantively, than requiring vaccination as a condition of public employment. For those, all those reasons, as well as what has been articulated in the city's papers, the city respectfully requests that the denial of the preliminary injunction, in this case, be affirmed. Thank you, Mr. Warner. We're now going to move to Mr. Bezat for two minutes. May it please the court, I'm just going to try and briefly touch on some substantive due process points and then maybe the other injunction factors, if I still have time. On the substantive due process rational basis review, plaintiff's primary argument on the absence of a rational basis depends on two studies that they've cited in their brief, which they say establishes that the vaccines have no effect on limiting the spread of the disease, but those studies don't, in fact, provide support for that position. The Sub-Romanian article, which compared vaccine and infection rates, provided only a very general snapshot over a seven-day period and admittedly failed to control for various factors, and it is at odds with the weight of authority, like the Wilder-Smith study, which is the other article that plaintiffs cite. That study actually confirms that vaccines reduce the risk of infection in the first place and also accelerates viral clearance, which suggests that the people with breakthrough cases are contagious for a shorter period of time. Would it even matter, given the overwhelming amount of scientific evidence on the other side, if these two studies stood for what he said they do? No, Your Honor, because under rational basis review, you know, I think it was in this case that the district court correctly pointed out that even if you take the most favorable view of the evidence in the studies that the plaintiffs presented, that would at most create a scientific debate about the effectiveness of the vaccines or the effects of natural immunity, and in that case, that actually establishes that there is a rational basis because the governor can choose between two options and rationally do so, and plaintiffs also overlooked that there are other bases for the executive order. For example, they don't contest that testing is effective at identifying people who are infected before they have symptoms and that the vaccines limit the severity of infections, which is important in the healthcare context because it allows healthcare workers to recover more quickly and get back to work, which is especially important when there have been a surge in cases. Thank you, Mr. Bezac. Mr. Lubin, we'll now move to you for a rebuttal argument on the Trugstad case. Thank you once again, Your Honors, and thank you to counsels if I don't get a chance to thank counsels as well. I didn't expect to be talking about free exercise here, but footnote two, and I clearly messed up there. Footnote two should have said that there's no as-applied challenge because there is no as-applied challenge on the record I have. The record was not complete by the time a notice of appeal was filed, and I think that the statute that I cited also, there would have to be a record there, and there wasn't, so I didn't move forward on those. There's a facial issue, and it's clear from the form that they give to everybody to fill out that what the city is doing is they're picking and choosing them, and I think counsel admitted to it today. I don't know that he would call it an admission, it was his argument. They were trying to determine how sincere people's religious beliefs were based upon how consistent they were in the eyes of the city of Chicago. That is not something that the city of Chicago should be engaging in, trying to determine whether this person's religion is proper or consistent under my understanding of what's proper and consistent. But a facial challenge, that's a heavy hill to climb here. It is. It's steep, right? I mean, you've got to show in 100% of the cases that the exercise of that discretion is unconstitutional. I'd have to show that giving oneself that discretion is unconstitutional, I believe. Yeah, what's the best authority for that, in your view? Well, the decision that I cited, obviously Dow, Trinity, Fulton, U.S. v. Ballard, I think, goes to the statement that Mr. Mushkin made. To my eye, when I was thinking about this and reading your brief, it's almost like you're I'm going to admit I don't know what you're saying. Well, it's like, before I publish my op-ed, I've got to go to the censor board and get the censor board's approval. Yeah, okay. You say, no, no, no, you don't publish your op-ed. Nobody has to approve it. It's your own view. You've got a free speech right. It's basically what you're saying. I don't disagree with that. No, no, no. The question is, is there a law to support? There is law in the free speech context. The question is, is there a law in the free exercise context, facially? And I'm much, much less sure about that. Absolutely, Judge. I'm sorry. I know my time is gone. But if the city were to say, we're going to be creating a policy that treats Protestants and Catholics entirely differently under the law, and I wouldn't have to wait for them to do it in order to come into court. They've said they're going to do it. Here in their forum, what they've said is, we're going to be analyzing, and Mr. Mushkin has said, we're going to be analyzing whether, in our view, you're being sincere in your religious belief, which is in U.S. v. Ballard. The government can't engage in that type of analysis. The government can't test my sincerity based upon their understandings of the strictures of my religion. Not that my religion was impacted, but my client's religions. That's not a position that the government can put itself in. I apologize for going over my time, and I thank you very much to everyone, councils included, for hearing me out today. Thank you to all counsel. Thank you, Mr. Lubin. This case, the Trugstad case, will be taken under advisement. Also, thanks to Mr. Bizet, Mr. Romashko, Ms. Scheller, and Mr. Warner for all your arguments today. All three cases will be taken under advisement. That will complete our hearings for today, and we'll stand at recess.